# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert W. Johnson,<br><br>        Plaintiff,<br>  v.<br><br>Colvin Post Office, Jane Doe.<br><br>        Defendants. | Case No. 6:24-cv-5275-RMG<br><br><br>**ORDER** |

     Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this *pro se* action be dismissed with prejudice, without leave to amend and without issuance and service of process. (Dkt. No. 8). Plaintiff filed no objections to the R & R. As set forth below, the Court adopts the R & R as the order of the Court and dismisses this action with prejudice without leave to amend and without issuance and service of process.

    I.      **Legal Standard**

     The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note). Further, a

failure to time file written objections to the R & R results in a waiver of the right to appeal from the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 152-53 (1985).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**II.     Discussion**

Plaintiff has a long history of filing frivolous lawsuits in literally dozens of judicial districts across the country. These suits are itemized over 30 pages as Exhibit A to the Magistrate Judge's R & R (Dkt. No. 8 at 9-39). The particular claim asserted in this action, arising from an unknown person allegedly forging Plaintiff's signature on a certified receipt regarding a letter advising him of his eviction, should properly be brought (if not frivolous) in the Northern District of New York. The Magistrate Judge stated that the filing of this action in the District of South Carolina was an apparent effort to circumvent prefiling restrictions that had been imposed on Plaintiff by the Northern District of New York, with the hope that the Court would transfer the action to the Northern District of New York because of the lack of venue in the District of South Carolina. (Dkt. No. 8 at 5).

The Court agrees with the Magistrate Judge that the claim is frivolous because there is no plausible federal claim arising from the facts alleged in the complaint. (*Id*. at 5-7). The Magistrate Judge is correct in noting the abusive nature of this filing, since Plaintiff filed the identical suit in the District of Maine. (*Id*. at 5).

The Court further agrees with the Magistrate Judge that imposing prefiling restrictions on Plaintiff is necessary and appropriate to prevent further abusive filings in this district. The Court imposed prefiling restrictions on Plaintiff in a separate action, *Johnson v. Ponticello*, C.A. No. 6:24-5076, after finding that Plaintiff's long history of filing frivolous and duplicative lawsuits met the requirements set forth in *Cromer v. Kraft Foods North America, Inc*., 390 F.3d 812, 817 (4th Cir. 2004).

### III.  Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 8) as the Order of the Court and **DISMISSES** the action with prejudice without leave to amend and without issuance and service of process.

**AND IT IS SO ORDERED.**

 s/ Richard Mark Gergel 
Richard Mark Gergel
United States District Judge

November 13, 2024
Charleston, South Carolina